CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 17 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| OWAIIAN M. JONES, | ) | Civil Action No. 7:15-cv-00632 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RAPPAHANNOCK REGIONAL | ) | |
| JAIL, et al., | ) | **By:**  Hon. Michael F. Urbanski |
|     Defendants. | ) |       United States District Judge |

Owaiian M. Jones, a Virginia inmate proceeding pro se, commenced this civil action pursuant to 42 U.S.C. § 1983. Upon a review of court records, it appears that Plaintiff had at least three non-habeas civil actions or appeals dismissed as frivolous, as malicious, or for failing to state a claim before he commenced this action. See, e.g., Jones v. United States of America, No. 7:14-cv-00410, slip op. at 2-3 (W.D. Va. Aug. 6, 2014), appeal dismissed as frivolous, No. 14-7188, slip op. at 2 (4th Cir. Dec. 16, 2014); Jones v. United States District Court for the Western District of Virginia, No. 7:14-cv-00499, slip op. at 2 (W.D. Va. Sept. 30, 2014); see also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be exempted from 28 U.S.C. § 1915(g)). Inasmuch as the record provides no reason to exempt Plaintiff from 28 U.S.C. § 1915(g), the court dismisses this action without prejudice for Plaintiff's failure to pay the filing fee when filing the complaint.[1] See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after recognizing plaintiff is ineligible to proceed in forma pauperis).

---

[1] Plaintiff alleges generally that his "safety remain in need assistance." However, nothing in the complaint demonstrates that Plaintiff is in imminent danger of serious physical harm.

Plaintiff is warned that the court intends to impose a prefiling injunction against him due to his recent spate of frivolous pleadings filed with this court in the past six weeks. Plaintiff does not have an absolute and unconditional right of access to the courts to prosecute frivolous, malicious, abusive, or vexatious filings. Demos v. Keating, 33 F. App'x 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Frivolous filings can and will result in the imposition of pre-filing review sanction, including an injunction from filings and monetary penalty. See e.g., 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b)-(c); Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). In accordance with Cromer v. Kraft Foods of North America, Inc., 390 F.3d 812, 818-19 (4th Cir. 2004), Plaintiff may file, within fourteen days, argument why a prefiling injunction should not issue against him.

**ENTER:** This ___16___ day of November, 2015.

/s/ Michael F. Urbanski
United States District Judge

2